IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:17-CR-573-D-1 |
| VS. | § | |
| | § | |
| CRYSTAL LEANN SHARKEY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Crystal Leann Sharkey's ("Sharkey's") September 12, 2022 motion for sentencing transcript is denied without prejudice.

On July 6, 2018, following her guilty plea to possession of a controlled substance, Sharkey was sentenced to 210 months' imprisonment. Her direct appeal was dismissed as frivolous on March 1, 2019. In the instant motion, Sharkey requests that the court have the sentencing proceeding transcribed under 18 U.S.C. § 3006A. She states the sentencing transcript is needed due to "the wording for the First Step Act," but she provides no other explanation or reason.[*]

A criminal defendant is not entitled to a copy of court proceedings at government expense to peruse the record for possible grounds for habeas corpus relief. *United States v. Peralta-Ramirez*, 266 Fed. Appx. 360, 361 (5th Cir. 2008) (per curiam) (citing *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976)); *see also United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973) (per curiam) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an

---

[*]In connection with Sharkey's direct appeal, the sentencing hearing was transcribed.

indigent."). Although 28 U.S.C. § 753(f) provides a limited right to transcripts at government expense to an indigent defendant if the transcripts are needed to decide an issue *in a pending, non-frivolous suit*, no habeas corpus petition or motion to vacate sentence under 28 U.S.C. § 2255 is currently pending. *See also Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970) (under 28 U.S.C. § 2250, an indigent litigant is entitled to court documents at no cost only if he has filed an application under 28 U.S.C. § 2255). Sharkey is advised, however, that she is not required to file transcripts or any other pleadings with any habeas petition or § 2255 motion to vacate sentence.

\* \* \*

Accordingly, Sharkey's motion for transcripts is denied without prejudice.

The clerk of court is directed to mail to Sharkey a copy of the docket sheet in her criminal case.

**SO ORDERED**.

October 27, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE