IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § § § |
|  | § Criminal No. 3:17-CR-573-D(1) |
| VS. | § § |
| CRYSTAL LEANN SHARKEY, | § § |
| Defendant. | § § |

MEMORANDUM OPINION
AND ORDER

Defendant Crystal Leann Sharkey ("Sharkey") moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the court denies the motion.

I

Sharkey pleaded guilty to possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2. On July 6, 2018 the court sentenced her to 210 months' imprisonment followed by 3 years of supervised release. Sharkey appealed her sentence, but her appeal was dismissed as frivolous. Sharkey also filed a motion for deviation from the U.S. Sentencing Guidelines, which the court denied without prejudice.

On December 18, 2023 Sharkey filed the instant motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The following day, the court entered an order directing the government to file a response to the motion no later than January 16, 2024 and permitting Sharkey to file a reply to the government's response. The government did not file a response

by the January 16, 2024 deadline.  Sharkey's motion is now ripe for decision.

II

To the extent that Sharkey seeks relief under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, the court denies Sharkey's motion.

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[1]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d

---

[1] Sharkey contends that she submitted a request for compassionate release to the Warden of her institution and that the Warden has not responded.  She attaches, as an exhibit to her motion, what appears to be an email to "Ms. Nelly" requesting compassionate release.  The court will assume *arguendo* that Sharkey has exhausted her administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

B

Sharkey contends that extraordinary and compelling circumstances warrant a sentence reduction because she has "minimal medical problems" and the COVID-19 pandemic "is spreading fast throughout the prison system," D. Mot. 5; she has demonstrated exceptional efforts toward her rehabilitation during her time of incarceration; "[h]er high risk to contract COVID-19, sentence, rehabilitation, exposure to COVID-19 and minimal medical conditions, and 'unusually long sentence' together constitute extraordinary and compelling circumstances," *id.* at 6; that the Sentencing Guidelines use drug purity as a proxy for a defendant's culpability, but "the facts of this case, and all credible data gathered since the time the Sentencing . . . Commission promulgated these rules and related policy statements demonstrate that the purity level of methamphetamines' is not indicative of petitioner Sharkey['s] culpability," *id.* (ellipsis in original).[2]

Because the court concludes below that Sharkey's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Sharkey has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate

---

[2]Sharkey also refers to "safety valve" eligibility under the First Step Act and 18 U.S.C. § 3553(f)(1), but she does not argue that she is entitled to relief under this provision.

release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

C

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

"When a district court denies a motion for compassionate release, it must give '"specific factual reasons"' for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)). In this case, Sharkey is currently serving a 210-month sentence for possession with intent to

distribute a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large. At the time of sentencing, she fell into criminal history category V based on multiple prior adult convictions, including, *inter alia*, for unauthorized use of a vehicle, delivery of a controlled substance, possession of dangerous drugs, burglary of a habitation, and committing the offense while under a criminal justice sentence of parole. She is not eligible for release from prison until November 30, 2031. If the court grants Sharkey's motion, it will be ordering her released more than *7 years* before she would otherwise be eligible. Not only would Sharkey's release not be in the interest of justice, it would minimize the seriousness of her crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, inter alia, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, although Sharkey states that she does not pose a danger to the community, she fails to provide any evidence in support of this assertion. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Sharkey's relevant offense conduct, and finds that she would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on

defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Sharkey's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

### III

To the extent that Sharkey's motion can be construed as challenging the legality of her underlying sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence.  Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)).  But a § 2255 motion would be untimely at this point under 28 U.S.C. § 2255(f)(1) because more than one year has passed since the judgment of conviction in this case became final.

Even so, this would be Sharkey's initial § 2255 motion, so if the court were to recharacterize her argument as requesting relief under § 2255, it would be required to advise

Sharkey that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also* 28 U.S.C. § 2244(b)(3)(A); *United States v. Cardenas*, 13 F.4th 380, 386 (5th Cir. 2021) ("When a district court recharacterizes a filing as a § 2255 motion, the movant must have the opportunity to amend his now-recharacterized motion . . . to include any claims that relate back to the original pleading." (citations omitted)).

And insofar as Sharkey seeks relief cognizable under § 2255, her claim would not support relief under § 3582(c). *See United States v. Escajeda*, 58 F.4th 184, 186-88 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153" of Title 28, through which "Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court." (citations omitted)). Accordingly, to the extent that Sharkey challenges the legality of her underlying sentence, the court will not consider this challenge in deciding her motion under § 3582(c).

\* \* \*

Accordingly, Sharkey's December 18, 2023 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

February 2, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE